UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUANITA LANE,<br><br>   Plaintiff,<br><br>   v.<br><br>CHARLES D. BAKER, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 24-cv-11271-AK<br>)<br>)<br>)<br>)<br>) |

## ORDER

**A. KELLEY, D.J.**

  Plaintiff Luanita Lane, a resident of Boston, Massachusetts, initiated this action by filing a self-prepared complaint alleging, among other things, that she was subjected to operations in which "illegal medical devices [were placed in Lane's] inner body and [her] eyes." [Dkt. 1 at ¶ III]. Instead of paying the $405 fee for commencing a non-habeas civil action, Lane filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application") (often referred to as a motion for leave to proceed *in forma pauperis*).

  Upon a review of Lane's filings, it is hereby ORDERED:

  1.  The motion for leave to proceed *in forma pauperis*, [Dkt. 2], is **ALLOWED**.

  2.  This action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) because the complaint lacks an arguable basis in law or in fact. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous . . . 'if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and

delusional.'" Miller v. Kennebec Cnty. Sheriff's Dept., 54 F.3d 764 (1st Cir. 1995) (quoting Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992)) (quotations and citations omitted). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Axcella Building Realty Tr. v. Thompson, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

Even with a generous reading of the complaint, it lacks an arguable basis in law or in fact. In light of the nature of the claims asserted, the Court finds that amendment would be futile. Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**SO ORDERED.**

/s/Angel Kelley
Hon. Angel Kelley
United States District Judge

Dated: September 6, 2024